# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENIGNO LOPEZ, M51416, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-00378-SMY |
| ) | |
| KEVIN KINK, ) | |
| J. GARRETT, ) | |
| MS. BROOKS, ) | |
| and AMY BURLE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Benigno Lopez, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Robinson Correctional Center ("Robinson"), brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleges that he was denied medical care for injuries he sustained in an inmate attack at Lawrence Correctional Center ("Lawrence") on October 6, 2018. (*Id*. at pp. 1-17). He seeks money damages and a preliminary injunction. (Doc. 1, p. 10; Doc. 10).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives screening under this standard.

1

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-10): On October 6, 2018, Plaintiff was attacked by another inmate who struck him in the face until he lost consciousness and continued punching him until correctional officers intervened. (*Id*. at pp. 5-6). Plaintiff suffered a fractured cheek bone, lacerations, and bruising that required hospital treatment. (*Id*. at p. 6).

After returning to Lawrence, Plaintiff was placed in segregation on investigative status.[1] (*Id*.). He complained of dizziness and jaw pain but was not scheduled for a follow-up appointment. (*Id*. at p. 7). Plaintiff submitted a nurse sick call (NSC) request, but received no response. (*Id*. at p. 8). He submitted a second NSC request and was scheduled for an appointment that was cancelled. Brooks failed to check on him. (*Id*. at pp. 7-8).

On October 29, 2018, Plaintiff filed a grievance to complain about the inadequate medical care he received for his injuries. Garrett interpreted the grievance as a third NSC request and instructed him to re-file it as such. Plaintiff appealed this response, but his appeal was denied by a grievance officer,[2] Kink, and Burle. (*Id*.). He filed an emergency grievance on December 10, 2018, but the grievance officer and Kink denied it. (*Id*. at pp. 9, 15-16). Plaintiff complains of ongoing dizziness and jaw pain. (*Id*.).

---

[1] Plaintiff complains of no constitutional violations that resulted from the issuance of an investigative ticket or his placement in segregation on investigative status.

[2] The grievance officer is not named as a defendant in the Complaint. When parties are not listed in the caption, this Court will not treat them as defendants. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). All claims against this individual are considered dismissed without prejudice from this action.

Based on the allegations, the Court finds it convenient to divide the *pro se* Complaint into the following Counts:

>**Count 1:** Eighth Amendment claim against Defendants for failing to protect Plaintiff from an inmate attack on October 6, 2018.
>
>**Count 2:** Eighth Amendment claim against Defendants for exhibiting deliberate indifference to Plaintiff's injuries (including a fractured cheek bone, dizziness, and jaw pain) sustained in the inmate attack on October 6, 2018.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[3]**

## Discussion

### Count 1

Eighth Amendment claims consist of an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Gutierrez v. Peters*, 111 F.3d 1364 (7th Cir. 1996). In order to state an Eighth Amendment claim against the defendants for failing to prevent harm to Plaintiff, the Complaint must establish that the defendants subjected Plaintiff to conditions posing a serious risk of harm to his health or safety (an objective standard) and that they knowingly or intentionally disregarded the risk (a subjective standard). *Farmer*, 511 U.S. at 836-37. Plaintiff's allegations do not satisfy the subjective component of this claim because the officers allegedly intervened and stopped the attack as soon as they observed the inmate striking Plaintiff. Therefore, Count 1 will be dismissed without prejudice.

### Count 2

An Eighth Amendment medical needs claim arises where prison officials respond to an inmate's serious medical condition (an objective standard) with deliberate indifference (a

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

subjective standard). *Gutierrez*, 111 F.3d at 1369. Plaintiff's allegations satisfy both components of this claim. This includes the "grievance defendants" who were allegedly notified of Plaintiff's ongoing and untreated medical issues and nevertheless disregarded his complaints and denied his grievances. Accordingly, Count 2 will receive further review against all Defendants.

**Pending Motions**

**Motion for Service of Process at Government Expense**

Plaintiff's Motion for Service of Process at Government Expense (Doc. 3) is **DENIED** as unnecessary. Service of this lawsuit on the defendants will be ordered as a matter of course in this *pro se* civil rights action involving an indigent plaintiff.

**Motion for Preliminary Injunction**

Plaintiff filed a Motion for Preliminary Injunction (Doc. 10) on May 28, 2019. He complains of ongoing dizziness and jaw pain, for which he has been denied treatment at Robinson since his transfer there in April 2019. Plaintiff seeks an order requiring IDOC Director John Baldwin to provide him with necessary medical care. However, Plaintiff is no longer housed at Lawrence, where his injuries occurred and the defendants are employed. He describes no connection between the named defendants and the current denial of medical care, and does not name any Robinson officials as Defendants in this case.

"[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). Only if Plaintiff can show a realistic possibility that he would again be incarcerated at Lawrence under the conditions described in the Complaint would it be proper for the Court to consider injunctive relief as it relates to this action. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir.

4

2009)). As Plaintiff has made no such showing, the Motion for Preliminary Injunction (Doc. 10) is **DENIED without prejudice**.

## Disposition

**IT IS ORDERED** that the Complaint survives screening under 28 U.S.C. § 1915A. **COUNT 1** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted against the defendants. **COUNT 2** will receive further review against all of the defendants. **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

With respect to **COUNT 2**, the Clerk of Court shall prepare for Defendants **KEVIN KINK**, **J. GARRETT, MS. BROOKS**, and **AMY BURLE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his *in forma pauperis* application was granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 17, 2019**

s/ STACI M. YANDLE  
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more.  When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**